**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ | ) |
| OLHA NOHA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No. 25-1682 (RBW) |
| | ) |
| WASHINGTON DULLES | ) |
| INTERNATIONAL AIRPORT *et al.*, | ) |
| | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**MEMORANDUM OPINION**

This matter is before the Court on the Motion to Dismiss ("MTD I"), ECF No. 23, filed

by the defendants, Washington Dulles International Airport ("Dulles"), the Metropolitan

Washington Airports Authority Police Department ("MWAAPD"), and the "MWAA Police

Department," and the Motion to Dismiss ("MTD II"), ECF No. 29, filed by the defendant John

Potter—President and CEO for MWAA.  For the reasons stated below, the Court grants both

Motions and dismisses this matter without prejudice.

**BACKGROUND**

Olha Noha, proceeding *pro se*, filed this matter on May 28, 2025, brought against Dulles,

MWAAPD, and Potter.  *See* Complaint ("Compl."), ECF No. 1, at 1–3; Amendment, ECF No.

13 (adding Potter as a defendant); Minute Order (Jul. 25, 2025) (same).  The Complaint is not a

model of clarity, but as best understood, Noha alleges that she was unfairly banned from Dulles

for allegedly repeatedly trespassing "after-hours [with] no airport business."  *See* Compl. at 5;

Compl. Exhibit 1 (Notice Forbidding Trespass at Dulles authored by MWAAPD, Jan. 20, 2025)

("Barring Ord."), ECF No. 1-1, at 1.  She alleges that her prohibition from Dulles is humiliating,

1

discriminatory, violates her civil rights, and is unlawful because the airport is not subject to local trespass laws. *See* Compl. at 5–7. She demands $6 million in damages. *Id.* at 4.

In response to the Complaint, on August 28, 2025, Dulles and MWAAPD filed a Motion to Dismiss pursuant to Federal Rule 12(b)(3).[1] *See* MTD Memorandum ("MTD Mem. I"), ECF No. 23-1, at 3–5. Dulles and MWAAPD attest that Noha was served with the motion and memorandum by first-class mail and by certified mail, return receipt requested. *See* MTD I at 2 (Certificate of Service, Aug. 28, 2025); MTD Mem. I at 5 (Certificate of Service, Aug. 28, 2025). On September 9, 2025, the Court issued an Order ("First *Fox* Order"), ECF No. 26, directing Noha to respond to the defendants' Motion to Dismiss by October 6, 2025, and advising her that failure to respond could result in dismissal of this case without the benefit of her input, *see id.* at 1–2 (citing *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988) (per curiam)). On September 10, 2025, the Clerk of Court mailed a copy of the First *Fox* Order to Noha's address of record. Noha's opposition deadline elapsed, and she neither filed a response to the defendants' Motion to Dismiss, nor requested additional time to comply. Then, on October 14, 2025, the First *Fox* Order was returned as undeliverable. *See* Mail Returned as Undeliverable, ECF No. 27.

On November 5, 2025, Potter filed his pending Motion to Dismiss pursuant to Federal Rule 12(b)(3). *See* MTD Memorandum ("MTD Mem. II"), ECF No. 29-1, at 3–4. Potter attests that Noha was served with the motion and memorandum by first-class mail and by certified mail, return receipt requested. *See* MTD II at 2 (Certificate of Service, Nov. 5, 2025); MTD Mem. II at 5 (Certificate of Service, Nov. 5, 2025). On November 6, 2025, the Court issued an Order

---

[1] Dulles and MWAAPD also move to dismiss the claims against them pursuant to Federal Rule 12(b)(6), arguing that they are both *non sui juris*, *see* MTD Mem. I at 1–3, but the Court need not reach this issue, as it dismisses this matter entirely for improper venue.

("Second *Fox* Order"), ECF No. 30, directing Noha to respond to Potter's Motion to Dismiss by December 5, 2025, and advising her that failure to respond could result in dismissal of this case without the benefit of her input, *see id.* at 1–2 (citing *Fox*, 837 F.2d at 509).  On November 14, 2025, the Clerk of Court mailed a copy of the Second *Fox* Order to Noha's address of record. Noha's response deadline elapsed, once again, without any response.  On December 2, 2025, the Second *Fox* Order was also returned as undeliverable.  *See* Mail Returned as Undeliverable, ECF No. 33.

To date, Noha has not updated her address in this matter, as required.  *See* D.C. LCvR 5.1(c)(1).  Indeed, Noha has not participated in this case whatsoever since September 4, 2025. *See* Request for Leave to File (representing Noha's last submission in this case), ECF No. 24.

**LEGAL STANDARD**

**<u>Improper Venue</u>**

Federal Rule of Civil Procedure 12(b)(3) governs motions to dismiss for improper venue. *See* Fed. R. Civ. P. 12(b)(3).  Under Rule 12(b)(3), a court should accept the plaintiff's well-pleaded factual allegations regarding venue as true, draw all reasonable inferences from those allegations in the plaintiff's favor, and resolve any factual conflicts in the plaintiff's favor. *Pendleton v. Mukasey*, 552 F. Supp. 2d 14, 17 (D.D.C. 2008).  A court has no obligation, however, to accept the plaintiff's legal conclusions regarding venue. *See Williams v. GEICO Corp.*, 792 F. Supp. 2d 58, 62 (D.D.C. 2011).  And a court may consider materials outside the pleadings to determine the propriety of venue.  *See id.*; *McCain v. Bank of Am.*, 13 F. Supp. 3d 45, 51 (D.D.C. 2014); *Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947)).

3

"Because it is the plaintiff's obligation to institute the action in a permissible forum, the plaintiff usually bears the burden of establishing that venue is proper." *Williams*, 792 F. Supp. 2d at 62 (quoting *Freeman v. Fallin*, 254 F. Supp. 2d 52, 56 (D.D.C. 2003)); *Johnson v. Deloitte Servs., LLP*, 939 F. Supp. 2d 1, 3 (D.D.C. 2013) (same).  A defendant objecting to venue need only allege facts with "'sufficient specificity to put the plaintiff on notice of the defect'" in venue.  *McCain*, 13 F. Supp. 3d at 51 (quoting 14D Charles Alan Wright et al., Federal Practice and Procedure § 3826, at 496 (4th ed. 2013)); *see also Roland v. Branch Banking & Trust Corp.*, 149 F. Supp. 3d 61, 67 (D.D.C. 2015) (noting the defendant's obligation to "present facts that will defeat the plaintiff's assertion of venue").

Federal Rule 12(b)(3) should be read in conjunction with 28 U.S.C. § 1406(a), which requires that a court "dismiss" a case that has been filed in the improper venue "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).  Read together, "Section 1406(a) and Rule 12(b)(3) allow dismissal only when venue is 'wrong' or 'improper' . . . in the forum in which [the case] was brought." *Atl. Marine Constr. Co. v. U.S. Dist. Court for West. Dist. of Tex.*, 571 U.S. 49, 55 (2013).  The decision whether a transfer or dismissal is in the interest of justice rests within the sound discretion of the district court.  *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983), *cert. denied*, 467 U.S. 1210 (1994).

**DISCUSSION**

Noha has failed to establish venue in the District of Columbia. Generally, a civil action may be brought only in (1) the district where any defendant resides, if all defendants reside in the same state; (2) in a district in which a substantial part of the events or omissions giving rise to the claim occurred (or a substantial part of the property that is the subject of the action is

situated); or (3) in a district in which any defendant may be found, but only if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b)(1)–(3).

Potter resides in Maryland. *See* MTD Mem. II at 3. Although one of Dulles's mailing addresses is P.O. Box 17045, Washington Dulles International Airport, Washington, DC 20041-0045, *see* Compl. at 2; Barring Ord., it is, in fact, physically located at 1 Saarinen Circle, Dulles, Virginia 20166. *See* MTD Mem. I at 4; MTD II at 3–4; *MWAA v. Citizen. for Abatement of Aircraft Noise, Inc*., 501 U.S. 252, 252 (1991) ("Both [Reagan National and Dulles] airports are located in the Virginia suburbs of the District."); *Mvuri v. American Airlines Inc*., No. 18-128, 2018 WL 10733604, at *2 (D.D.C. Jun. 1, 2018) (finding venue in this District improper where the plaintiff's "only proffered basis" for venue and personal jurisdiction was "his misconception, arising from the fact that Reagan National[,]" like Dulles, is assigned a District of Columbia mailing address," finding its "District of Columbia mailing address" irrelevant, and taking "judicial notice of the fact that Reagan National[,]" like Dulles, is "in reality, located in the Eastern District of Virginia.") (citing *Adams v. Middlebrooks*, 640 F. App'x 1, 4 (D.C. Cir. 2016) ("[G]eographic location is a matter of which the courts may take judicial notice[.]")) (other citation omitted); *see also* Dulles, Directions & Maps, https://www.flydulles.com/directions-maps-0 (last visited Feb. 23, 2026).[2] MWAAPD Main Headquarters is located at 45045 Aviation Drive Dulles, Virginia 20166, and its Dulles Headquarters is located at 23550 Autopilot Drive Dulles, Virgnia 20166. *See* MTD Mem. I at 4; MTD II at 3–4; *see also* MWAA Police

---

[2]     The Court may take judicial notice of information from official public websites of government agencies. *See Cannon v. Dist. of Columbia*, 717 F.3d 200, 205 n.2 (D.C. Cir. 2013); *see also Abraham v. Burwell*, 110 F. Supp. 3d 25, 27 (D.D.C. 2015) (taking judicial notice of agency location in venue challenge).

Department,  https://www.mwaa.com/policefireems/mwaa-police-department (last visited Feb. 23, 2026).

Accordingly, venue is not established under § 1391(b)(1), because the defendants do not all reside in the same state.  However, venue *is* established in Virginia under § 1391(b)(2), because *all* of the events giving rise to Noha's claims occurred in Dulles, Virginia.  Therefore, this matter should have been filed, not in this District, but in the United States District Court for the Eastern District of Virginia.  *See* MTD Mem. I at 4; MTD Mem. II at 4.

While "the standard remedy for improper venue is to transfer the case to the proper court rather than dismissing it," *Nat'l Wildlife Fed'n v. Browner*, 237 F.3d 670, 674 (D.C. Cir. 2001), dismissal is appropriate "when the outcome is foreordained," *Simpkins v. Dist. of Columbia Gov't*, 108 F.3d 366, 370–71 (D.C. Cir. 1997) (noting that "it made little sense to transfer the case to another jurisdiction pursuant to 28 U.S.C. § 1406," since "[t]hat would have kept the case alive only until the next court looked it over and found it wanting").  Here, Noha has not opposed either Motion to Dismiss, and she has been conspicuously absent from pursuing this matter for approximately six months.  With no indication that Noha has any intention to prosecute this case, the Court declines to transfer it to another federal court, and instead dismisses it without prejudice pursuant to Federal Rule 12(b)(3).  *See Copeland v. Morris*, No. 91–1150, 1991 WL 277419, at *1 (D.D.C. Dec. 10, 1991) (where the plaintiff "neither opposed the government's motion nor moved for an extension of time in which to respond," the court dismissed "for lack of venue" under Rule 12(b)(3), but noted that the "dismissal [was] without prejudice, however, and plaintiff [could] refile his complaint in the United States District Court in which venue is proper.")).  Noha's pending Requests for Leave to File, ECF Nos. 22, 24, and 25, are all denied as unnecessary, nonsensical, and largely moot.  A separate Order will issue.

DATE: March 10, 2026                          REGGIE B. WALTON
                                              *United States District Judge*

7